# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:** _____

Susan Kuberski,
    Plaintiff

v.

Cred X Debt Recovery, LLC,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Susan Kuberski ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Colorado, County of Jefferson, and City of Arvada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cred X Debt Recovery, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Plaintiff received an email from ACS on June 21, 2011, which stated that ACS had purchased account # 12534014 from Cashnet for an alleged debt of $600. (See Exhibit A, attached hereto).

12. In its email, ACS stated that Plaintiff's last payment "in the amount of $400.00 was received on 6/21/11…" and further informed Plaintiff that "as of this date aforementioned Debt is considered PAID IN FULL and you are released of any obligation in regards to this debt." (emphasis added) (Id).

13. Plaintiff's payment of $400.00 to ACS on June 21, 2011 was accepted as a settlement of the balance that existed on Cashnet Account #12534014.

14. In connection with collection of an alleged debt in default, Defendant sent Plaintiff an email dated August 29, 2011 referencing Cashnet Account # 12534014 in which Defendant stated Plaintiff owed a current balance of $800.00. (See Exhibit B, attached hereto).

15. Defendant called Plaintiff's cellular telephone on September 7, 2011 at 11:58 A.M., and at such time, left the following voicemail message:

> "We have given you ample time to respond to our messages. We feel that you are avoiding our calls. The offices of CDR are going to need a return call. We believe to have your banking information on file, and are going to need to ask you some questions before we process anything. Failure to comply within 48 hours, we will have no choice but to make a decision on your behalf. Our office number is 1-855-546-7300. Again, 1-855-546-7300."

16. In its voicemail message of September 7, 2011 at 11:58 A.M., Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

17. Defendant called Plaintiff's cellular telephone on September 7, 2011 at 1:12 P.M., and at such time, left a three second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

18. In said voicemail message of September 7, 2011 at 1:12 P.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant called Plaintiff's cellular telephone on September 7, 2011 at 1:13 P.M., and at such time, left a four second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

20. In said voicemail message of September 7, 2011 at 1:13 P.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

21. Defendant called Plaintiff's cellular telephone on September 8, 2011 at 9:59 A.M., and at such time, left a four second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

22. In said voicemail message of September 8, 2011 at 9:59 A.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

23. Defendant called Plaintiff's cellular telephone on September 8, 2011 at 5:56 P.M., and at such time, left a four second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

24. In said voicemail message of September 8, 2011 at 5:56 P.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

25. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff. See Langdon v. Credit Management, LP, 2010 WL 3341860 (N.D.Cal. 2010) (where defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by claiming Plaintiff owed an alleged debt of $800.00, and thus falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31.     Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector and by claiming Plaintiff owed an alleged debt of $800.00, and thus using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

32.     Plaintiff repeats and re-alleges each and every allegation contained above.

33.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

December 12, 2011

**/s/ Craig J. Ehrlich**
**Craig J. Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**